In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00154-CR


______________________________




JASON BRYAN BOYD, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 339th Judicial District Court


Harris County, Texas


Trial Court No. 750687




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Cornelius



O P I N I O N





 Jason Bryan Boyd has filed a notice of appeal from his conviction for aggravated robbery. 
Sentence was imposed on November 30, 1999. On June 25, 2001, Boyd filed a motion and notice
of late appeal with the district clerk of Harris County. (1) The notice of appeal was not filed within
thirty days of the imposition of sentence and is therefore not timely. Tex. R. App. P. 26.2(a) 

 A late notice of appeal is considered timely and thus invokes the appellate court's jurisdiction
if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of
time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice
of appeal, and (3) the court of appeals grants the motion for extension of time. Slaton v. State, 981
S.W.2d 208 (Tex. Crim. App. 1998); Olivo v. State, 918 S.W.2d 519 (Tex. Crim. App. 1996). 
Further, when a notice of appeal is filed within the fifteen-day period but no timely motion for
extension of time is filed, the appellate court lacks jurisdiction. Slaton v. State, 981 S.W.2d 208;
Olivo v,. State, 918 S.W.2d 519. 

 The notice of appeal and the motion to extend time to file a notice of appeal were both filed
outside the time frame that would permit this Court to assert jurisdiction over the case. 



 The appeal is dismissed for want of jurisdiction.

 

 William J. Cornelius

 Chief Justice


Date Submitted: October 16, 2001

Date Decided: October 16, 2001


Do Not Publish
1. This is an appeal transferred to this Court by the Texas Supreme Court for the purposes of
docket equalization.



s that after a review of the
record and the related law, this appeal is frivolous and without merit. 

 Appellate counsel summarizes the issue in his brief and states that he finds no error preserved
for appeal that could be successfully argued. The brief contains a professional evaluation of the
record. This meets the requirements of Anders v. California, 386 U.S. 738 (1967); Stafford v. State,
813 S.W.2d 503 (Tex. Crim. App. 1991); and High v. State, 573 S.W.2d 807 (Tex. Crim. App.
[Panel Op.] 1978).

 Counsel mailed a copy of the brief to Merritt on February15, 2008, informing Merritt of his
right to examine the entire appellate record and to file a pro se response. Counsel simultaneously
filed a motion with this Court seeking to withdraw as counsel in this appeal. This Court notified
Merritt that any pro se response was due on or before March 17, 2008. Merritt has neither filed a
response, nor has he requested an extension of time in which to file such a response. 

 Merritt has been granted the limited right to appeal the trial court's decision to impose
consecutive sentences rather than concurrent sentences. In this case, Merritt's sentence is to run
concurrently with a federal sentence, not consecutively. Our review has not revealed any reversible
error. (2)

 We affirm the judgment of the trial court. 


 Bailey C. Moseley

 Justice


Date Submitted: April 17, 2008

Date Decided: April 22, 2008


Do Not Publish

1. See Merritt v. State, Nos. 06-07-00196-CR and 06-07-00197-CR.
2. Since we agree this case presents no reversible error, we also, in accordance with Anders,
grant counsel's request to withdraw from further representation of Merritt in this case. No substitute
counsel will be appointed. Should Merritt wish to seek further review of this case by the Texas
Court of Criminal Appeals, Merritt must either retain an attorney to file a petition for discretionary
review or he must file a pro se petition for discretionary review. Any petition for discretionary
review must be filed within thirty days from the date of either this opinion or the last timely motion
for rehearing that was overruled by this Court. See Tex. R. App. P. 68.2. Any petition for
discretionary review must be filed with this Court, after which it will be forwarded to the Texas
Court of Criminal Appeals along with the rest of the filings in this case. See Tex. R. App. P. 68.3. 
Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas
Rules of Appellate Procedure. See Tex. R. App. P. 68.4.